United States District Court

Eastern District of California

Andrew A. Cejas,

    Petitioner,　　　　　　　　　　No. Civ. S-05-1144 LKK PAN P

 vs.　　　　　　　　　　　　　　　　Order

Lou Blanes,

    Respondent.

-oOo-

    Petitioner, a pretrial detainee in state court, requests appointment of counsel on the grounds he is indigent and lacks legal training and the law is complex.

    There is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, whenever the court determines the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 24 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). Unless an

1 evidentiary hearing is necessary, the decision to appoint counsel
2 is discretionary.  Bashor v. Risley, 730 F.2d 1228, 1234 (9th
3 Cir.), *cert. denied*, 469 U.S. 838 (1984); Rule 8(c), Rules
4 Governing § 2254 Cases.
5      In deciding whether to appoint counsel the court exercises
6 discretion governed by a number of factors, including the
7 likelihood of success on the merits and the applicant's ability
8 to present his claims in light of their complexity.  Weygandt v.
9 Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v.
10 Risley, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the
11 presumption of regularity in the state's procedures for confining
12 prisoners suggests a lack of likely success and counsels against
13 appointment of counsel.  See Maclin v. Freake, 650 F.2d 885, 887
14 (7th Cir. 1981).  As a general rule, the court will not appoint
15 counsel unless the applicant shows his claim has merit in fact
16 and law.  Id.  Even if the applicant overcomes this hurdle, the
17 court will not appoint counsel if the law is settled and the
18 material facts are within the petitioner's possession, viz., they
19 do not require investigation outside the prison walls.  Id. at
20 887-88.
21      Petitioner, charged with first-degree murder with torture,
22 alleges bail is excessive, the evidence at the preliminary
23 hearing was inadequate and the judge displayed bail by finding
24 evidence of intent to torture from photographs of the victim
25 without cross-examination.  I have found the court should abstain
26 pursuant to Younger v. Harris, 401 U.S. 37 (1946), but gave

1 petitioner the opportunity to explain in writing why the
2 abstention doctrine does not prevent the court from reaching the
3 merits.
4     The law governing this issue is settled.  Neither factual
5 development nor legal insight are required. There is, on the
6 record before the court, no reason to believe appointment of
7 counsel would be of significant benefit.
8     Petitioner's January 23, 2006, request for the appointment
9 of counsel therefore is denied.
10     So ordered.
11     Dated:  January 31, 2006.

                        /s/ Peter A. Nowinski
                        PETER A. NOWINSKI
                        Magistrate Judge